# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
March 2000 Session

## STATE OF TENNESSEE v. ELIZABETH DAVIS

### Appeal from the Criminal Court for Unicoi County
### No. 4387     Robert E. Cupp, Judge

---

### No. E1999-00373-CCA-R3-CD - September 19, 2000

---

Joseph M. Tipton, J., dissenting.

I respectfully disagree with the results reached in the majority opinion. I view the record in a different light than my colleagues.

I do not believe that the issue of the trial court's denying the state's motion to amend the indictment is properly before us, and I believe it is moot. I do not believe that we can ignore the fact that the state moved for a dismissal through nolle prosequi and that the trial court granted the dismissal. I would not allow the state to seek either review of the amendment issue or reinstatement of the indictment through this appeal when it was the author of the dismissal. The only issue that is properly before us is whether the dismissal should be with prejudice.

The record reflects that the trial court set the case for trial with the aim of disposing of it as soon as reasonably possible, because it viewed the then three-and-one-half-year-old case to have been pending too long. The record indicates that the parties were previously advised by the trial court that it was not going to continue the case again. In this respect, the state had been forewarned that the trial court viewed the time of the trial to be "of the essence."

However, fifteen days before trial, the state filed a motion to amend the indictment so as to change the periods of time alleged in the four-count indictment for the offenses to have occurred. For three counts, the amending dates differed from the original dates and greatly expanded the time involved. For the fourth count, the amending dates were covered by, but narrower than, the original dates alleged.

The defendant's attorney declared that she had relied upon the dates in the indictment and that she would not be ready to try the case on the date of trial if the amendments were allowed.[1] It is apparent that the trial court accepted the attorney's assertions as fact. Also, the state did not provide any justification for the amendments not being sought at an earlier date. Under these circumstances, I believe that the trial court was within its discretion to deny an amendment that would delay the proceedings further and that material evidence exists in the record to support its decision. A trial court has substantial discretion "to control the docket and the flow of justice therefrom" in order for the court system to function properly. State v. Barbara Norwood, No. 03-C-01-9111-CR-00366, Knox County, slip. op. at 4 (Tenn. Crim. App. Dec. 10, 1992), app. denied (Tenn. May 10, 1993).

In the present case, the state asserted that it could not proceed on the indictment without the amendments.[2] When the trial court required the case to proceed to trial, the state advised the court that it was entering a nolle prosequi. Given the fact that the state was aware of the trial court's concern about the previous delay in prosecuting the case and its intent to resolve the case by the trial date, I do not believe that the record reflects such diligence by the state that would justify extending the prosecution beyond the trial date or allowing a reprosecution after dismissal. Absent a showing that the state's perceived need for amendments was not reasonably discoverable until the motion to amend was filed fifteen days before the trial date, I believe that the trial court should be affirmed.

_____
JOSEPH M. TIPTON, JUDGE

---

[1] The attorney did not explain how the new dates on the fourth count hindered her readiness for trial.

[2] The state did not explain how it was hindered from proceeding to trial on count four.